IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 1:17-cv-24171-CMA

**JOEY GONZALEZ**

    Plaintiff,

v.

**U.S. DEPARTMENT OF AGRICULTURE,**

    Defendant.

_____/

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**I.**    **The "Climate Assessment FOIA Request" - FOIA No. 2017-REE-03716-F.**

1.    On or about April 15, 2017, Plaintiff submitted a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the Agricultural Research Service of the U.S. Department of Agriculture ("ARS") (herein the "Climate Assessment FOIA Request") seeking the following records:

> 1.    From January 2015 to the present (if applicable please identify the information provided by name and year):
>
> > a. Total amount of overtime paid to Ricardo Gonzalez and Boarman Winterstein
> >
> > b. Training records for Ricardo Gonzalez including any training Ricardo Gonzalez is currently attending.
> >
> > c. AD-700 or any other evidence of payment response (b) above.
> >
> > d. AD-700 or any evidence of payment for purchases made by Ricardo Gonzalez
>
> **2.**    ***Results of the Climate Assessment[1] conducted at the ARS Miami location on December 2016.***

---

[1] The Climate Assessment was conducted in December 2016 by ADR Vantage, Inc., a consulting firm specializing in organizational effectiveness. **Exhibit 2**, Declaration of Kathleen Hall ¶ 4; *see also* http://adrvantage.com/who-we-are/. As a result of the Climate Assessment, a Climate Assessment Report, dated February 2017, was created by ADR Vantage, Inc. Hall Decl. at ¶ 5. Since redactions ARS made to the Climate Assessment Report are at issue in this case, a copy of the Climate Assessment Report created by ADR Advantage, Inc. (and provided to Plaintiff) is attached to the Boarman Decl. at Attachment 5 and

    3.    All minutes from the "Building Management Committee" (or related name), chaired by Alan Meerow.

    4.    Name of all persons informed of this request.

**Exhibit 1**, Declaration of Janice Boarman ("Boarman Decl.") ¶ 1, Attachment 1 (herein "the Climate Assessment FOIA Request") (emphasis added).

    2.    ARS received the Climate Assessment FOIA Request on April 17, 2017, and assigned it a FOIA number - FOIA No. 2017-REE-03716-F. Boarman Decl. ¶ 2, Attachment 2, ARS's July 14, 2017 response to the Climate Assessment FOIA Request.

**A.**    **ARS Provides Plaintiff a Response to the Climate Assessment FOIA Request.**

    3.    On July 14, 2017, ARS provided Plaintiff a response to the Climate Assessment FOIA Request, and in doing so, provided Plaintiff a copy of the Climate Assessment Report sought in items #2 of the Climate Assessment FOIA Request. Boarman Decl. ¶ 3, Attachment 2, ARS's July 14, 2017 response to the Climate Assessment FOIA Request.[2] In its July 14, 2017 response, ARS informed Plaintiff that the copy of the Climate Assessment Report he was provided contained redactions made pursuant to FOIA Exemption 6 and FOIA Exemption 5:

> In response to item 2 of your request, attached is a copy of the Climate Assessment of the Subtropical Horticultural Research Station dated February 2017. Personal information about individuals has been redacted from the attached report and is exempt from disclosure pursuant to 5 U.S.C. 552 (b)(6). Exemption (b)(6) protects information, which if released,

---

Bates Stamped AMS0001 through AMS0020. Hall Decl. at ¶ 5. The "primary purpose" of the Climate Assessment was to identify factors contributing to employee complaints at the ARS Subtropical Horticultural Research Station ("SHRS"), located in Miami, Florida and to help ARS leadership understand the state of concerns within the SRHS and to provide recommendations to address them. *See* Climate Assessment Report at ARS0003 located at Attachment 5 of Boarman Decl. ADR Vantage, Inc. created the Climate Assessment Report to "provide[s] an analysis of the resulting themes from the interviews and [their] findings and recommendations." *Id.* at ARS0003. In December 2017, ADR Vantage representatives were onsite at the SHRS and, in performing the Climate Assessment, interviewed employees of the SHRS about issues impacting the atmosphere and work of the SHRS. *Id.* at ARS0005. Subsequent to conducting the onsite interviews, ADR Vantage, Inc. also conducted supplemental interviews of four additional ARS employees. *Id.* at ARS0005.

[2] The version of the Climate Assessment Report that ARS provided Plaintiff in the July 14, 2017, response has been omitted from Attachment 2. The version of the Climate Assessment ARS provided Plaintiff on October 20, 2017 in response to his administrative appeal, and currently at issue in this case, is attached to the Boarman Decl. as Attachment 5 and Bates Stamped AMS0001 through AMS0020. Boarman Decl. ¶ 6, Attachment 5.

would constitute a clearly unwarranted invasion of personal privacy. In addition, information which is considered predecisional and deliberative has been redacted and is exempt from disclosure pursuant to 5 U.S.C. 552 (b)(5). Exemption (b)(5) protects inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. Incorporated within Exemption (b)(5) is the deliberative process privilege, which protects the decision making processes of government agencies.

*Id.* Further, any redactions within the Climate Assessment Report was done using text overlays explicitly indicating the exact FOIA Exemption applied to the redacted information. Boarman Decl. ¶ 3.

**B.   Plaintiff Administratively Appeals ARS' Response to the Climate Assessment FOIA Request.**

4. On or about September 13, 2017, Plaintiff filed an administrative appeal to ARS's response to the Climate Assessment FOIA Request. Boarman Decl. ¶ 4; Attachment 3, Plaintiff's September 13, 2017, Administrative Appeal of ARS's Response to the Climate Assessment FOIA Request. The appeal was assigned FOIA No. 2017-REE-00338-A. *Id.* Plaintiff's administrative appeal raised only one issue: the Climate Assessment Report provided to him in the July 14, 2017 response should have been provided to him without any redactions. *Id.*, Attachment 3 at unnumbered page 4 ("For the foregoing reasons, I request that the entire Climate Assessment be released to me in it's [sic] entirely and without any redaction, just like Hall released it to Pittaluga.").

**C.   ARS Provided Plaintiff a Response to His Administrative Appeal of ARS's Response to the Climate Assessment FOIA Request.**

5. On October 20, 2017, ARS provided Plaintiff a response to his Administrative Appeal of ARS's Response to the Climate Assessment FOIA Request. Boarman Decl. ¶ 5, Attachment 4, ARS Response to Administrative Appeal of ARS's Response to the Climate Assessment FOIA Request. In its appeal response, ARS granted Plaintiff's appeal in part, and denied his appeal in part. *Id.*, Attachment 4 at p. 1. Specifically, <u>ARS withdrew all Exemption 5 redactions</u> to the Climate Assessment Report. *Id.* Further, regarding Exemption 6, ARS withdrew certain, but not all, redactions. *Id.*

6.      Ultimately, in response to his appeal, and in comparison to what ARS provided Plaintiff in its July 14, 2017 response, ARS provided Plaintiff with a copy of the Climate Assessment Report wherein no information was redacted pursuant to Exemption 5, and less information was redacted pursuant to Exemption 6. Boarman Decl. ¶ 6. The version of the Climate Assessment Report that ARS provided Plaintiff in response to his appeal is attached to the Boarman Decl. as Attachment 5 and Bates Stamped AMS0001 through AMS0020. Boarman Decl. ¶ 6, Attachment 5. Also attached to the Boarman declaration as Attachment 6 is a true and correct copy of a *Vaughn* Index describing the specific information redacted, pursuant to Exemption 6, from each page of the Climate Assessment Report, and the bases for any redaction. Boarman Decl. ¶ 6, Attachment 6.

II.     **The "Emails FOIA Request" - FOIA No. 2017-REE-03716-F.**

7.      On or about June 28, 2017, Plaintiff submitted a FOIA request to ARS (herein the "Emails FOIA Request") seeking the following records:

> 1.      Please provide any and all emails from Elizabeth Pittaluga to anyone in the Agency from October 2016 to the present. Ms. Pittaluga may have used the following email address epittaluga@nffe.org. However the search should not be limited to this address only.
>
> 2.      Name of all persons that were informed or participated in fulfilling this request.

Boarman Decl. ¶ 7, Attachment 7 (herein "the Emails FOIA Request"). ARS received the Emails FOIA Request on June 29, 2017, and assigned it a FOIA number - FOIA No. 2017-REE-05254-F; Boarman Decl. ¶ 8, Attachment 8, ARS's response to the Emails FOIA Request.

A.      **ARS Provided Plaintiff a Response to the Emails FOIA Request.**

8.      On August 16, 2017, in response to the Email FOIA Request, ARS provided Plaintiff with 78 pages of responsive emails. Boarman Decl. ¶ 8, Attachment 8, ARS's response to the Emails FOIA Request. In providing Plaintiff the responsive emails, ARS informed Plaintiff that it redacted certain information from the emails pursuant to Exemption 6:

> Personal information related to other individuals along with information concerning the locations involved have been redacted from the emails and are exempt from disclosure pursuant to 5 U.S.C. 552 (b)(6). In addition, conference call line/access code/host password

>have also been redacted and are exempt from disclosure pursuant to 5 U.S.C. 552 (b)(6). One attachment has been withheld in its entirety and is exempt from disclosure pursuant to 5 U.S.C. 552 (b)(6). Exemption (b)(6) protects information, which if released, would constitute a clearly unwarranted invasion of personal privacy.

Boarman Decl. ¶ 8, Attachment 8, ARS's response to the Emails FOIA Request. Exemption 6 was the only FOIA exemption applied to any of the emails. *Id.*

**B.  Plaintiff Administratively Appealed ARS's Response to the Emails FOIA Request.**

9. On or about September 15, 2017, Plaintiff filed an administrative appeal to ARS's response to the Emails FOIA Request. Boarman Decl. ¶ 9, Attachment 9, Plaintiff's Administrative Appeal of ARS's Response to the Emails FOIA Request. Plaintiff's administrative appeal raised only one issue: the 17 pages of emails Plaintiff attached to his administrative appeal should have been provided to him in-full, without redaction. *Id.,* Attachment 9 at unnumbered pg. 3. Plaintiff's appeal explicitly states that "All documents subject to this appeal are included here as Exhibit 1". *Id.,* Attachment 9 at unnumbered pg. 3.

10. Turning to the 17 pages of emails Plaintiff attached as "Exhibit 1" of his appeal, one page contained no redactions and the remaining 16 pages were redacted, in part, pursuant to Exemption 6 of the FOIA. Boarman Decl. ¶ 10, Attachment 9. No other FOIA Exemptions were applied to the pages Plaintiff attached as "Exhibit 1". *Id.*

**C.  ARS Provided Plaintiff a Response to His Administrative Appeal of ARS's Response to the Emails FOIA Request.**

11. On October 20, 2017, ARS provided Plaintiff a response to his Administrative Appeal of ARS's Response to the Emails FOIA Request. Boarman Decl. ¶ 11, Attachment 10, ARS Response to Administrative Appeal of ARS's Response to the Emails FOIA Request. In its appeal response, ARS granted Plaintiff's appeal in part, and denied his appeal in part. Boarman Decl. ¶ 11, Attachment 10 at p. 1.

12. In its appeal response, ARS acknowledged the 17 pages of emails at issue in Plaintiff's appeal and, after noting that one of the 17 pages does not contain any redactions, informed Plaintiff that ARS made a determination to withdraw certain Exemption 6 redactions from 9 of the 17 pages that were attached to his appeal as Exhibit 1. Boarman Decl. ¶ 12, Attachment 10. ARS further informed Plaintiff that one email exchange (consisting of 3 pages)

was an email exchange solely between Elizabeth Pittaluga - union representative for the National Federation of Federal Employees - and the ARS employee that Ms. Pittaluga is representing, and thus "is not an agency record as defined by the FOIA".  *Id.*

13. As a consequence of ARS releasing additional information in response to Plaintiff's appeal, the 17 pages of emails originally at issue in Plaintiff's appeal is presently composed of the 17 pages of emails attached to the Boarman Decl. at Attachment 5, and Bates Stamped AMS0021 through AMS0037.  Boarman Decl. ¶ 13, Attachment 5.  Attached to the Boarman Decl. at Attachment 6 is a Vaughn Index describing the emails at issue in AMS0021 through AMS0037, the specific information redacted from each page pursuant to Exemption 6, and the bases for the redaction.  Boarman Decl. ¶ 13, Attachment 6.

**III. On February 16, 2017, the ARS Human Resources Specialist Provided An Unredacted Copy of the Climate Assessment Report to Elizabeth Pittaluga, Representative of the National Federation of Federal Employees.**

14. The National Federation of Federal Employees ("NFFE") is a national labor union representing approximately 110,000 government workers across the United States including employees at the ARS Subtropical Horticultural Research Station ("SHRS"), located in Miami, Florida.  http://www.nffe.org/ht/d/sp/i/279/pid/279/pid/180; **Exhibit 2**, Declaration of Kathleen Hall ("Hall Decl.") ¶ 3.  In conjunction with NFFE's representation of SHRS employees, NFFE Representative Elizabeth Pittaluga was scheduled to visit SHRS on February 22, 2017.  Hall Decl. ¶ 3.  The purpose of the meeting was to introduce Pittaluga to SHRS and its employees, as well as for Pittaluga to meet with Kathy Hall, ARS Human Resources Specialist and SHRS management to discuss issues arising out of the collective bargaining agreement between NFFE and ARS currently in place at SHRS.  Hall Decl. ¶ 3, Attachment 1, Feb. 16, 2017, 2:06 PM email from Hall to Pittaluga.

15. In order to present Pittaluga, solely in her capacity as NFFE representative, with an unbiased and timely view of the personnel issues at SHRS, Hall provided Pittaluga with an unredacted copy of the Climate Assessment Report.  Hall Decl. ¶ 3, Attachment 1, Feb. 16, 2017, 2:06 PM email from Hall to Pittaluga.  Hall believed the Climate Assessment Report was unbiased and timely because: 1) the Climate Assessment was recently conducted in December of 2017 by a

neutral 3rd party - ADR Vantage, Inc.; 2) the Climate Assessment Report itself was created by ADR Vantage, Inc.; and 3) the Climate Assessment Report was created in the same month as Pittaluga's visit to SHRS - February 2017. *Id.* ¶ 7. When providing the Climate Assessment Report to Pittaluga, Hall requested that Pittaluga keep the Report confidential. *Id.* ¶ 6.

16. In response to receiving the Climate Assessment Report, Pittaluga informed Hall that the Report was very helpful to have received and that Pittaluga would not disclose/discuss the information in the Report. Hall Decl. ¶ 8, Attachment 2, Feb. 16, 2017, 3:41 PM email from Pittaluga to Hall.

17. Significantly, given Pittaluga's status as NFFE representative of employees at the SHRS, as well as Pittaluga's upcoming visit to SHRS wherein she would be representing the interests of those same employees while meeting with Hall and SHRS management, Hall believed that Pittaluga had a right and duty to know about personnel issues at SHRS, including those issues set forth in the Climate Assessment Report. Hall Decl. ¶ 9. Further, in no way whatsoever did Hall believe that providing Pittaluga the Climate Assessment Report somehow violated the Privacy Act or rights guaranteed therein. *Id.*