*Vaughn* Index
*Joey Gonzalez v. USDA*,
Case No. 17-cv-24171-CMA (S.D. Fl.)

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | **Redactions to Climate Assessment Report** | | |
| 0006 | Page 6 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).   The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title.  This individual is not Plaintiff Joey Gonzalez.  The identity of the individual is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews.  This individual has substantial privacy interests in keeping their identity protected from disclosure.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties.  *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' ").  Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| 0007 | Page 7 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).  The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title.  This individual is not Plaintiff Joey Gonzalez.  The identity of the individual is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews.  This individual has substantial privacy interests in keeping their identity protected from disclosure.<br><br>ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties.  *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' ").  Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0008 | Page 8 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v.* |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | *Washington Post Co.*, 456 U.S. 595, 599 (1982).  The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title.  This individual is not Plaintiff Joey Gonzalez.  The identity of the individual is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews.  This individual has substantial privacy interests in keeping their identity protected from disclosure.<br><br>ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties.  *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' ").  Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0009 | Page 9 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.   The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).  The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title.  This individual is not Plaintiff Joey Gonzalez.  The identity of the individual is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | Assessment interviews. This individual has substantial privacy interests in keeping their identity protected from disclosure.<br><br>ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0010 | Page 10 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title. This individual is not Plaintiff Joey Gonzalez. The identity of the individual is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews. This individual has substantial privacy interests in keeping their identity protected from disclosure.<br><br>ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency. |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0011 | Page 11 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of individuals that allegedly witnessed specific alleged incidences of behavior by a co-worker that is described in the Climate Assessment Report. ARS also redacted the specific alleged incidents they presented. The specific alleged incidences giving rise to their feeling of distress are so unique that revealing them would also reveal details allowing the deduction of the identity of the individual whose privacy interests are being protected. These individuals have substantial privacy interests in keeping their identity protected from disclosure. *McCutchen v. United States Dep't of Health & Human Services*, 30 F.3d 183, 189 (D.C.Cir.1994) (recognizing a strong privacy interest where individuals might face retaliation).<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of these individuals outweighs the nonexistent public interest in disclosure. |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| 0012 | Page 12 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title. This individual is not Plaintiff Joey Gonzalez. The identity of the individual is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews. This individual has substantial privacy interests in keeping their identity protected from disclosure.<br><br>ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0014 | Page 14 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v.* |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
|  |  |  | *Washington Post Co.*, 456 U.S. 595, 599 (1982).  The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title.  This individual is not Plaintiff Joey Gonzalez.  The identity of the individual is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews.  This individual has substantial privacy interests in keeping their identity protected from disclosure.<br><br>ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency.<br><br>ARS redacted the identity of an individual that presented a specific alleged incident of behavior by a co-worker that gave rise to them feeling distressed in the workplace.  ARS also redacted the specific alleged incident they presented.  The specific alleged incident giving rise to them feeling distressed is so unique that revealing it would also reveal details allowing the deduction of the identity of the individual whose privacy interests are being protected.  This individual has substantial privacy interests in keeping their identity protected from disclosure.  *McCutchen v. United States Dep't of Health & Human Services*, 30 F.3d 183, 189 (D.C.Cir.1994) (recognizing a strong privacy interest where individuals might face retaliation).<br><br>Release of this information would not shed light on the agency's performance of its statutory duties.  *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' ").  Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0015 | Page 15 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The primary purpose of Exemption 6 is "to |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).  The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted both the identity of an individual identified in the Climate Assessment Report as revealed by position title and the alleged workplace performance deficiencies of this individual as described in the Climate Assessment Report.  This individual is not Plaintiff Joey Gonzalez.   Revealing the identity of the individual would link them to the alleged workplace deficiencies.  Further, the alleged workplace deficiencies are so unique that revealing them would also reveal details allowing the deduction of the identity of the individual whose privacy interests are being protected.  This individual has substantial privacy interests in keeping their identity and alleged workplace deficiencies protected from disclosure.<br><br>ARS also redacted allegations arising out of personnel issues that have been directed at an individual identified as the temporary Research Leader (RL).  If the allegations arising out of the personnel issue were disclosed, it could cause the RL embarrassment.  The RL has a substantial privacy interests in keeping these allegations protected from disclosure.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties.  *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' ").  Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0016 | Page 16 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.   The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v.* |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | *Washington Post Co.*, 456 U.S. 595, 599 (1982).  The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identities of individuals identified in the Climate Assessment Report as revealed by position title.  These individuals are not Plaintiff Joey Gonzalez.  The identity of these individuals is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews.  These individuals have substantial privacy interests in keeping their identity protected from disclosure.<br><br>ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties.  *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' ").  Therefore, the privacy interest of these individuals outweighs the nonexistent public interest in disclosure. |
| 0018 | Page 18 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.   The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).   The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual identified in the Climate Assessment Report as revealed by position title.  This individual is not Plaintiff Joey Gonzalez.  The identity of the individual is redacted because revealing their identity would link them to |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
|  |  |  | personal opinions about their workplace performance as collected during Climate Assessment interviews. This individual has substantial privacy interests in keeping their identity protected from disclosure.

Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0019 | Page 19 of Climate Assessment Report of the ARS Subtropical Horticultural Research Center, prepared February 2017 | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The Climate Assessment Report falls within the meaning of "similar files," which is broadly construed.

ARS redacted the identities of individuals identified in the Climate Assessment Report as revealed by position title. These individuals are not Plaintiff Joey Gonzalez. The identity of these individuals is redacted because revealing their identity would link them to personal opinions about their workplace performance as collected during Climate Assessment interviews. These individuals have substantial privacy interests in keeping their identity protected from disclosure.

ARS also redacted alleged workplace deficiencies, as collected during Climate Assessment interviews that are so unique that revealing the deficiency would enable the public to deduce the identity of the individual linked with the alleged deficiency. |

**Boarman Declaration**                                      000068

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | ARS also redacted allegations about an individual, identified as the temporary RL that, if disclosed, would cause this individual embarrassment. The individual has a substantial privacy interests in keeping these allegations protected from disclosure.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of these individuals outweighs the nonexistent public interest in disclosure. |
| | **Redactions to Emails** | | |
| 0021-0022 | Email chain consisting of three emails, dated January 13, 2017 through January 18, 2017, between and among Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees and Kathy Hall, in her capacity as USDA Human Resources Specialist | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The emails fall within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual whose specific employment issue is being discussed by Pittaluga (as Union representative) and Hall (as USDA representative). This individual is not Plaintiff Joey Gonzalez. ARS also redacted the specific employment issue being discussed. Revealing the identity of the individual would link them to the alleged employment issue being discussed. Further, the alleged employment issue being discussed is so unique that revealing them would also reveal details allowing the deduction of the identity of the individual whose privacy interests are being protected. |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | This individual has substantial privacy interests in keeping their identity and issues for which they sought union representation private.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0023-0025 | Email chain consisting of four emails, dated June 14, 2017 through June 17, 2017, between and among Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees and Kathy Hall, in her capacity as USDA Human Resources Specialist | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The emails fall within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of individuals whose specific employment issue is being discussed by Pittaluga (as Union representative) and Hall (as USDA representative). None of these individuals are Plaintiff Joey Gonzalez. ARS also redacted the specific employment issues being discussed pertaining to that individual. Revealing the identity of the individual would link them to the alleged employment issue being discussed. Further, the alleged employment issues being discussed are so unique that revealing them would also reveal details allowing the deduction of the identity of the individual whose privacy interests are being protected. These individuals have a substantial privacy interests in keeping their identity and issues for which they sought union representation private.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individuals outweighs the nonexistent public interest in disclosure. |
| 0026 | Email, dated June 16, 2017, beween and among Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees and Kathy Hall, in her capacity as USDA Human Resources Specialist | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The emails fall within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of individuals whose specific employment issue is being discussed by Pittaluga (as Union representative) and Hall (as USDA representative). None of these individuals are Plaintiff Joey Gonzalez. These individuals have a substantial privacy interests in keeping their identity and issues for which they sought union representation private.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0027-0028 | Email chain consisting of<br><br>• Two emails, dated April 24, 2017, between and among Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees and | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The emails fall within the meaning of "similar files," which is broadly construed. |

13

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
|  | Kathy Hall, in her capacity as USDA Human Resources Specialist; and<br>• One email, dated April 24, 2017, between Anita Williams, in her capacity as USDA Human Resource Specialist, and Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees with a copy to Kathy Hall, in her capacity as USDA Human Resources Specialist |  | ARS redacted the identity of an individual whose specific employment issue is being discussed by Pittaluga (as Union representative) and Hall (as USDA representative). This individual is not Plaintiff Joey Gonzalez. ARS also redacted the identity of witnesses being interviewed as part of workplace investigation being conducted by USDA to protect against further intrusion upon the privacy of the persons being interviewed.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0029-0030 | Email chain consisting of six emails, dated January 18, 2017 through January 24, 2017 between and among Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees and Kathy Hall, in her capacity as USDA Human Resources Specialist | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The emails fall within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual whose specific employment issue is being discussed by Pittaluga (as Union representative) and Hall (as USDA representative). This individual is not Plaintiff Joey Gonzalez. Revealing the identity of the individual would link them to the alleged employment issue being discussed.<br><br>ARS also redacted the specific employment issue being discussed. The alleged employment issues being discussed is so unique that revealing it would also reveal details allowing the deduction of the identities of the individuals whose privacy interests are being protected. These individuals have a substantial privacy interests in keeping their identity and issues for which they sought union representation private. |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |
| 0031-0033 | Not Agency Records. This are emails exchanged between a USDA employee and Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees. All of the emails are communications wherein the USDA employee is discussing workplace issues with their Union Representative. | Not Agency Records | These emails are not agency records. The emails were not relied upon by the agency "in carrying out its business, but rather were used for a purely personal objective" and therefore are not agency records. *Media Research Ctr. v. DOJ*, 818 F. Supp. 2d 131, 140 (D.D.C. 2011) (holding that correspondence "created or received by the [Solicitor General] in her capacity as a judicial nominee" was not relied upon by the agency "in carrying out its business, but rather was used for a purely personal objective" and therefore were not agency records). |
| 0036-0037 | Email chain consisting of six emails, all dated March 28, 2017, between and among Elizabeth Pittaluga, in her capacity as Labor Representative with the National Federation of Federal Employees and Kathy Hall, in her capacity as USDA Human Resources Specialist | (b)(6) | Exemption (b)(6) protects information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The primary purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The emails fall within the meaning of "similar files," which is broadly construed.<br><br>ARS redacted the identity of an individual whose specific employment issue is being discussed by Pittaluga (as Union representative) and Hall (as USDA representative). This individual is not Plaintiff Joey Gonzalez. Revealing the identity of the individual would link them to the alleged employment issue being discussed. |

| Bates No. ARS___ | Description of Record | Exemption | Specific Information Withheld In Record and Basis for Withholding |
|---|---|---|---|
| | | | ARS also redacted the specific employment issue being discussed. The alleged employment issues being discussed is so unique that revealing it would also reveal details allowing the deduction of the identities of the individuals whose privacy interests are being protected. These individuals have a substantial privacy interests in keeping their identity and issues for which they sought union representation private.<br><br>Release of this information would not shed light on the agency's performance of its statutory duties. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 356 (1997) (Exemption 6 balancing inquiry "limited to the question [of] whether disclosure will shed light on the 'agency's performance of its statutory duties' "). Therefore, the privacy interest of the individual outweighs the nonexistent public interest in disclosure. |