IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 1:17-cv-24171-CMA

JOEY GONZALEZ

    **Plaintiff,**

v.

U.S. DEPARTMENT OF AGRICULTURE,

    **Defendant.**

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now the Defendant to file this Response to Plaintiff's motion (DE #51) to file a sur-reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment as follows:

Plaintiff's Motion for Leave requests a permission to file a sur-reply because:

Plaintiff is unable to present argument or evidence to this Court in response to Defendant's suggestion that Brennan's disclosures did not influence Goenaga's testimony. Plaintiff is unable to refute Goenaga's assertion that he is "well acquainted" with Plaintiff's performance or show Goenaga's motivations in making his assertions.

However, Defendant's reply did nothing more than respond to arguments in ***Plaintiff's*** Opposition. In his Opposition, it is Plaintiff – not ARS[1] - that alleges he was placed on the Performance Improvement Plan (PIP) by Goenaga because of Brennan's alleged improper disclosure in violation of the Privacy Act. Pl.'s Opp. at 21. In response to this theory, ARS' Reply proffers Goenaga's declaration. In doing so, ARS "squarely responds to the arguments" in Plaintiff's Opposition. *Henley,* 267 F.Supp.3d at 1349.

Further, nothing in Goenaga's declaration advances "new arguments" or a "new theory." *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n. 1 (S.D. Fla. 2001) ("Because Plaintiff presented new arguments and a new theory for certification in her Reply the Court will

---

[1] Agricultural Research Service of the U.S. Department of Agriculture ("ARS")

grant Defendants' Motion for Leave to File a Sur–Reply...."). In its Motion for Summary Judgment, ARS argues that Plaintiff cannot show that any alleged disclosures caused Plaintiff to suffer any actual damages as required by the Privacy Act. Goenaga's declaration does nothing more than rebut **Plaintiff's** allegation from his Opposition that Brennan's disclosure caused him to suffer damages.

> "A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists[.]" *First Specialty Ins. Corp. v. 633 Partners*, 300 Fed.Appx. 777, 788 (11th Cir. 2008). Here, no valid reason exists. When a reply "squarely responds to the arguments in [a] response brief, and does not advance new arguments," a sur-reply is unwarranted. *Henley v. Turner Broad. Sys., Inc.*, 267 F.Supp.3d 1341, 1349 (N.D. Ga. 2017). To allow sur-replies as a matter of routine "would put the court in the position of refereeing an endless volley of briefs."

*Garrison v. Northeast Georgia Med. Ctr., Inc.*, 66 F.Supp.2d 1336, 1340 (N.D. Ga. 1999). Plaintiff's motion to file a sur-reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment should be denied.

    Respectfully submitted,

    BENJAMIN G. GREENBERG
    UNITED STATES ATTORNEY

By    **s/ Charles S. White**
    CHARLES S. WHITE
    Fla. Bar No. 394981
    Assistant United States Attorney
    99 N.E. 4th Street, Suite 300
    Miami, Florida  33132
    Tel. (305) 961-9286
    Fax. (305) 530-7139
    E-mail: charles.white@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2018 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By    s/ Charles S. White
CHARLES S. WHITE
Fla. Bar No. 394981
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida  33132
Tel. (305) 961-9286
Fax. (305) 530-7139
E-mail: charles.white@usdoj.gov

SERVICE LIST

Gonzalez v. U.S. Department of Agriculture
Case No. 17-cv-24171-CMA
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Joey D. Gonzalez, Esq.
Fla. Bar #127554
P.O. Box 145073
Coral Gables, Florida 33114-5073
Tel: (305) 720-3114
Fax: (305) 676-8998
Plaintiff, *PRO-SE*

Charles S. White
Assistant United States Attorney
Charles.white@usdoj.gov
N.E. 4 Street, Suite 300
Miami, Florida 33132
Tel. (305) 961-9286
Fax: (305) 530-7139
Attorney for the Defendant